Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TEVON GLADDEN,<br><br>       Plaintiff,<br><br>v.<br><br>SCHOOLSFIRST FEDERAL CREDIT UNION; AUTOMOTIVE CREDIT CORPORATION; EQUIFAX INFORMATION SERVICES, LLC; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1) This is an action for damages and equitable relief brought by an individual consumer against all Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting; and against Defendants SCHOOLSFIRST FEDERAL CREDIT UNION ("SCHOOLSFIRST FCU") and

1  AUTOMOTIVE CREDIT CORPORATION ("ACC") for violations of the California
2  Identity Theft Act, Civil Code §1798.92 *et seq*.

## II. JURISDICTION AND VENUE

2)    Jurisdiction of this Court arises under 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3)    Plaintiff TEVON GLADDEN is a natural person residing in the State of California, County of San Bernardino.

4)    Defendant SCHOOLSFIRST FCU at all times relevant is a company doing business in San Bernardino County, California operating from an address at 15442 Newport Ave., Tustin, CA 92780.  SCHOOLSFIRST FCU is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the company's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25.  SCHOOLSFIRST FCU furnishes consumer information to consumer reporting agencies.

5)    Defendant ACC at all times relevant is a company doing business in San Bernardino County, California operating from an address at 26261 Evergreen Road, Suite 300, Southfield, MI 48076.  ACC is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the company's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25.  ACC furnishes consumer information to consumer reporting agencies.

6)    Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in Solano County, California operating from an address at 1550 Peachtree Street NW, H46, Atlanta, GA 30309. EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is

regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

7) SCHOOLSFIRST FCU and ACC are each a "claimant" as defined under the Identity Theft Act, Civ. Code § 1798.92(a).

8) Plaintiff is a "victim of identity theft" as defined by Civ. Code § 1798.92(d).

9) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## IV. FACTUAL ALLEGATIONS

10) Plaintiff is a victim of identity theft.

11) An identity thief obtained accounts in Plaintiff's name with SCHOOLSFIRST FCU and ACC (the "Accounts").

12) The Accounts were obtained as a result of identity theft as Plaintiff did not authorize anyone to open and/or obtain the Accounts under his name.

13) SCHOOLSFIRST FCU reported three accounts in Plaintiff's name to EQUIFAX showing each account as charged-off with a balance due.

14) ACC reported an account in Plaintiff's name to EQUIFAX showing it as charged-off with a balance due.

//

15) The information SCHOOLSFIRST FCU and ACC reported to EQUIFAX was false as Plaintiff never had an account with either of these companies, and therefore could not be past due nor charged-off.

16) Plaintiff filed a police report with regards to the Accounts and the identity theft.

17) Plaintiff disputed the false information with EQUIFAX in writing and the dispute was sent to SCHOOLSFIRST FCU and ACC.

18) SCHOOLSFIRST FCU, ACC, and EQUIFAX failed to conduct reasonable investigations into the disputes alleged by Plaintiff and they all continue to report the inaccurate Accounts on his credit file.

19) EQUIFAX negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

20) EQUIFAX further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

21) Despite Plaintiff's disputes, SCHOOLSFIRST FCU and ACC continued credit reporting efforts, irrespective of the identify theft.

22) As a result of Defendants' conduct, Plaintiff's credit worthiness has been damaged.

23) Plaintiff further suffered emotional distress as a result of Defendants' conduct.

## V.  FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

24) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

25) EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

26) EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; and by failing to maintain reasonable procedures with

which to filter and verify disputed information in the Plaintiff's credit file.

27) SCHOOLSFIRST FCU and ACC violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the EQUIFAX; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to the EQUIFAX.

28) The Defendants' unlawful conduct damaged Plaintiff as referenced above.

29) The Defendants' unlawful conduct was willful.

30) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

31) Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

## VI. SECOND CLAIM FOR RELIEF
### (Against All Defendants for Violation of the CCRAA)

32) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

33) Defendants violated the CCRAA, by including but not limited to, the following:

    (a) EQUIFAX violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

    (b) EQUIFAX violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file; and

    (c) SCHOOLSFIRST FCU and ACC violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that SCHOOLSFIRST FCU and ACC knew or should have known was incomplete or inaccurate.

34) Defendants' acts as described above were done negligently and/or intentionally

1  with the purpose of coercing Plaintiff to pay the alleged debt.

2      35)   As a proximate result of Defendants' violations enumerated above, Plaintiff has
3  been damaged in amounts which are subject to proof.

4      36)   Defendants' violations were willful and knowing.  Defendants are therefore
5  liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and
6  costs pursuant to California Civil Code §1785.31.

## VII.  THIRD CLAIM FOR RELIEF

### (Against Defendant SCHOOLSFIRST FCU and ACC and DOES 1-5 for Violation of the Identity Theft Act)

10      37)   Plaintiff repeats, realleges, and incorporates by reference all of the foregoing
11  paragraphs.

12      38)   Plaintiff is a victim of identity theft.

13      39)   Plaintiff provided written notice to SCHOOLSFIRST FCU and ACC that a
14  situation of identity theft may exist more than 30 days prior to the filing of this action.

15      40)   SCHOOLSFIRST FCU and ACC failed to diligently investigate the Plaintiff's
16  notification of a possible identity theft.

17      41)   SCHOOLSFIRST FCU and ACC continued to pursue its claim against Plaintiff
18  after Plaintiff
19  presented facts pertaining to the identity theft.

20      42)   SCHOOLSFIRST FCU and ACC are in violation of Civ. Code § 1798.92 *et seq.*

21      43)   As a proximate result of SCHOOLSFIRST FCU's and ACC's violations
22  enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

23      44)   SCHOOLSFIRST FCU and ACC are each liable to Plaintiff for a declaratory
24  judgment, actual damages, attorney's fees, costs, equitable relief, and a civil penalty pursuant
25  to Civ. Code § 1798.92 *et seq.*

26      **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against
27  Defendants, and each of them, for the following:

28      (a)   Actual damages;

  (b) Statutory damages;

  (c) Punitive damages;

  (d) Costs and reasonable attorneys' fees; and

  (e) For such other and further relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiff additionally requests that judgment be entered against Defendants SCHOOLSFIRST FCU and ACC and Does 1-5 for the following:

  (f) A declaration that Plaintiff is not obligated to SCHOOLSFIRST FCU and ACC on the Accounts pursuant to Civ. Code § 1798.93(c)(1);

  (g) A declaration that any security interest or other interest SCHOOLSFIRST FCU and ACC had purportedly obtained in the Plaintiff's property in connection with that claim is void and unenforceable pursuant to Civ. Code § 1798.93(c)(2);

  (h) An injunction restraining SCHOOLSFIRST FCU and ACC from collecting or attempting to collect from the Plaintiff on that claim, from enforcing or attempting to enforce any security interest or other interest in the Plaintiff's property in connection with that claim, or from enforcing or executing on any judgment against the Plaintiff on that claim pursuant to Civ. Code § 1798.93(c)(3);

  (i) Actual damages, attorney's fees, and costs, and any equitable relief that the court deems appropriate pursuant to Civ. Code § 1798.93(c)(5);

  (j) A civil penalty, in addition to any other damages, of thirty thousand dollars ($30,000) pursuant to Civ. Code § 1798.93(c)(6); and

  (k) For such other and further relief as the Court may deem just and proper.

Date: January 10, 2025    __s/ Jeremy S. Golden_____
                Jeremy S. Golden,
                Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: January 10, 2025             \_\_s/ Jeremy S. Golden_____
                                                Jeremy S. Golden,
                                                Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL